UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Trinity Faire, LLC, an Arizona limited liability company, and Steven and Anne Bever, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>America's Collectibles Network, Inc., dba Jewelry Television, a Tennessee corporation,<br><br>    Defendant. | Case No. 3:22-cv-00417-CLC-DCP<br><br><br><br><br>(Oral Argument Requested) |
| America's Collectibles Network, Inc., dba Jewelry Television, a Tennessee corporation,<br><br>    Counterclaim-Plaintiff,<br><br>vs.<br><br>Trinity Faire, LLC an Arizona limited liability company, and Anne Bever, individually,<br><br>    Counterclaim-Defendants. | |

## COUNTERCLAIM-DEFENDANTS' MOTION TO DISMISS THE COUNTERCLAIM

Counterclaim-Defendants Trinity Fair, LLC ("TF") and Anne Bever ("Mrs. Bever") hereby move the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counter-Plaintiff America's Collectibles Network, Inc. dba Jewelry Television's ("JTV") Counterclaim. (Docket Entry "D.E." 41). As more thoroughly explained in their contemporaneously filed Memorandum of Law, which is incorporated herein by reference, the Counterclaim—which only contains one claim, breach of contract—should be dismissed for at least two reasons.

1

**First**, the contractual provisions that JTV relies on to assert breach of contract are objectively inapplicable to the facts of this case. More specifically, in furtherance of the parties' relationship, Mrs. Bever executed a Vendor Service Agreement (the "Agreement") that contained provisions whereby (1) she waived and released any and all claims against JTV arising out of JTV's use of her name, voice, biography, visual likeness and "Personal Attributes" (as that term is defined in the Agreement); and whereby (2) she covenanted to not sue JTV with respect to any of the waived and released claims.

After discovering that JTV had been copying her jewelry designs, manufacturing counterfeit products, and then passing those products off to unsuspecting consumers as both JTV's own designs, and as genuine TF products, Mrs. Bever sued JTV for violating Section 43(a) of the of the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement, and unjust enrichment. (*See* D.E. 1). In response to the Complaint, JTV now claims via the Counterclaim that because Mrs. Bever waived, released, and covenanted to not sue JTV, the fact that she filed the instant lawsuit constitutes a breach of the aforementioned waiver, release, and covenant not to sue provisions. But Mrs. Bever only agreed to waive, release, and to not sue JTV *for claims arising out of JTV's use of her name, voice, biography, visual likeness and "Personal Attributes."* None of the claims asserted in the Complaint relate to JTV's use of Mrs. Bever's name, voice, biography, visual likeness or "Personal Attributes" (as opposed to JTV blatantly copying Plaintiffs' designs, which claims Plaintiffs decidedly did not waive, release, or covenant not to sue JTV). Accordingly, the waiver in the Agreement is not implicated here.

**Second**, even if the waiver and release provisions that JTV relies on in support of its breach of contract claim were applicable here (they are not), under well-settled law, "waiver" and "release" are not affirmative claims. Rather, both waiver and release are affirmative defenses. So, while JTV can assert waiver and release as *affirmative defenses* to Plaintiffs' claims, it cannot, as it tries to do here, couch those affirmative defenses as a breach of contract claim.

In sum, TF and Mrs. Bever respectfully request that JTV's Counterclaim be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because, on these facts, JTV cannot prove breach of contract as a matter of law.

Dated: <u>January 6, 2023</u>

<u>/s/ Kevin T. Elkins</u>
Kevin T. Elkins (TN BPR No. 033280)
Epstein Becker & Green, P.C.
1222 Demonbreun St., Suite 1400
Nashville, TN 37203
(615)-564-6060
kelkins@ebglaw.com

**KW LAW, LLP**
Mark Williams (admitted *pro hac vice*)
Michael McCanse (admitted *pro hac vice*)
Andrea S. Tazioli (admitted *pro hac vice*)
6122 7th St., Suite D
Phoenix, AZ 85014
602.907.3459
mark@kwlaw.co
mike@kwlaw.co
andrea@kwlaw.co

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on date, the foregoing document was filed electronically with the Clerk of the Court using the court's CM/ECF system on January 6, 2023, which is expected to send notification of such filing to all counsel of record:

**MERCHANT & GOULD P.C.**
John T. Winemiller (TN No. 021084)
Ian G. McFarland (TN No. 030549)
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
865.380.5960
612.332.9081 (fax)
jwinemiller@merchantgould.com
imcfarland@merchantgould.com

River E. Lord (pending *pro hac vice application*)
Merchant & Gould P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (facsimile)
RLord@merchantgould.com

            s/ Kevin T. Elkins
            *Counsel for Plaintiff/Counterclaim Defendants*