UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Trinity Faire, LLC, an Arizona limited liability company, and Steven and Anne Bever, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>America's Collectibles Network, Inc., dba Jewelry Television, a Tennessee corporation,<br><br>    Defendant. | Case No. 3:22-cv-00417-CLC-DCP |
| America's Collectibles Network, Inc., dba Jewelry Television, a Tennessee corporation,<br><br>    Counterclaim-Plaintiff,<br><br>vs.<br><br>Trinity Faire, LLC an Arizona limited liability company, and Anne Bever, individually,<br><br>    Counterclaim-Defendants. | |

## COUNTERCLAIM-DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COUNTERCLAIM

    Counterclaim-Defendants Trinity Faire, LLC ("TF") and Anne Bever ("Mrs. Bever") hereby reply in support of their Rule 12(b)(6) Motion to Dismiss Counter-Plaintiff America's Collectibles Network, Inc. dba Jewelry Television's ("JTV").

    In their Response to the Motion to Dismiss (Docket Entry "D.E." 59), JTV confirms that the crux of the Counterclaim is (1) that Mrs. Bever signed a covenant not to sue with respect to JTV's use of her Personal Attributes; and (2) that, in JTV's opinion, Count Three of the Complaint

(Unjust Enrichment) violates the covenant not to sue because, according to JTV, it implicates JTV's use of Mrs. Bever's Personal Attributes.[1]

In its entirety, Count Three reads:

82. Defendant produces unauthorized copies of Plaintiffs' products.

83. Defendant utilized Plaintiff Mrs. Bever to promote and sell these unauthorized copies. Mrs. Bever bore the expense of this promotion.

84. As such, Defendant received the benefit of Plaintiffs' turquoise jewelry expertise, design knowledge, and on-air personality at the expense of Plaintiffs.

85. Accordingly, Defendant was unjustly enriched, to the detriment of Plaintiffs.

(D.E. 1, p. 11, ¶¶ 82-85). According to JTV, as drafted, Count Three violates the covenant not to sue because "Plaintiffs allege in Count III that JTV 'utilized Ms. Bever' in broadcast programing to promote and sell unauthorized copies of Plaintiffs' jewelry products…They [also] assert JTV was unjustly enriched from her 'expertise, design knowledge, and on-air personality … [so] Count III is predicated on JTV's alleged use of Ms. Bever's Personal Attributes." (D.E. 59, p. 2-3).

As stated in the Motion to Dismiss (the "Motion"), Plaintiffs did not intend to assert, and are not asserting, any wrongdoing based on JTV's use of Mrs. Bever's Personal Attributes. (D.E. 58, p. 6, fn. 1). As was also stated in the Motion, and as evidenced by the communication between counsel that is attached to Exhibit A to the Motion, prior to being forced to file the Motion, Plaintiffs agreed to address JTV's covenant not to sue-related concerns by either: (1) stipulating to that fact they were not claiming any wrongdoing with respect to JTV's use of Mrs. Bever's Personal Attributes; or (2) amending their Complaint to remove the "offending" references to Ms. Bever's promotional activities. (*Id*.). JTV, however, declined Plaintiffs' invitation to resolve this issue absent Court involvement—and absent wasting the parties' resources—and functionally instructed Plaintiffs to move to dismiss the Counterclaim. (*Id*.).

Plaintiffs tried to work this out with JTV before being forced to file the Motion, but JTV apparently desires to litigate for litigation's sake. Again, Plaintiffs did not intend Count Three to

---

[1] Capitalized terms not defined herein have the same meaning as given to them in the Motion.

implicate the use the Ms. Bever's Personal Attributes and are not claiming that JTV did anything wrong with respect to the use of Mrs. Bever's Personal Attributes. Having now said as much on the record, that should render the Counterclaim moot, which warrants the Court dismissing the same. If, however, the Court is inclined to deny the Motion, Plaintiffs will then seek leave to amend Count Three, to remove the references to Mrs. Bever, such that it simply reads as follows, which would unequivocally render the Counterclaim moot:

- Defendant produces and sells unauthorized copies of Plaintiffs' products.
- As such, Defendant received the benefit of Plaintiffs' turquoise jewelry expertise and design knowledge at the expense of Plaintiffs.
- Accordingly, Defendant was unjustly enriched, to the detriment of Plaintiffs.

In sum, Plaintiffs/Counterclaim-Defendants' Motion should be granted and JTV's counterclaim should be dismissed.

Dated: January 30, 2023

*/s/ Kevin T. Elkins*
Kevin T. Elkins (TN BPR No. 033280)
Epstein Becker & Green, P.C.
1222 Demonbreun St., Suite 1400
Nashville, TN 37203
(615)-564-6060
kelkins@ebglaw.com

**KW LAW, LLP**
Mark Williams (admitted *pro hac vice*)
Michael McCanse (admitted *pro hac vice*)
Andrea S. Tazioli (admitted *pro hac vice*)
6122 7th St., Suite D
Phoenix, AZ 85014
602.907.3459
mark@kwlaw.co
mike@kwlaw.co
andrea@kwlaw.co

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on date, the foregoing document was filed electronically with the Clerk of the Court using the court's CM/ECF system on January 30, 2023, which is expected to send notification of such filing to all counsel of record:

**MERCHANT & GOULD P.C.**
John T. Winemiller (TN No. 021084)
Ian G. McFarland (TN No. 030549)
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
865.380.5960
612.332.9081 (fax)
jwinemiller@merchantgould.com
imcfarland@merchantgould.com

River E. Lord (pending *pro hac vice application*)
Merchant & Gould P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (facsimile)
RLord@merchantgould.com

        s/ Kevin T. Elkins
        *Counsel for Plaintiff*